**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FROYLAN ALVARADO SANCHEZ and ENRIQUETTA PANALOSA AGUIERRE, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-71527 <br><br> Agency Nos. A095-445-182 <br> A070-750-936 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Froylan Alvarado Sanchez and Enriquetta Panalosa Aguierre, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen removal proceedings. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law and constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, where they filed the motion more than 10 years after their final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Petitioners failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances), and failed to demonstrate materially changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 998-990 (evidence must be "qualitatively different" to warrant reopening, and new evidence lacked materiality).

The BIA provided a reasoned explanation for denying the motion to reopen, and petitioners' contentions that the BIA violated due process by failing to consider evidence or facts or ignored relevant precedent is unpersuasive. *See*

*Najmabadi*, 597 F.3d at 990 (BIA adequately considered the evidence and sufficiently announced its decision); *Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (for an alien to prevail on such a due process claim, the alien must overcome presumption that agency reviewed all evidence).

In light of this disposition, we do not reach petitioners' remaining contentions regarding ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED.**